UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:18-CR-0173 |
| | : | |
| v. | : | |
| | : | |
| MARC PUNZALAN | : | (FILED VIA ECF) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.      Guilty plea. The defendant agrees to plead guilty to Count Two of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Sections 2251(a) and (e), Attempted sexual exploitation of a child. The maximum penalty for that offense is imprisonment for a period of 30 years, a fine of $250,000, a maximum lifetime term of supervised release which shall be served at the conclusion of and in addition to any term of imprisonment, as well as

the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge(s) to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

    2.   <u>Mandatory Minimum Sentence</u>. Count Two carries a mandatory minimum period of imprisonment of 15 years.

2

3.    <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania agrees

that it will not bring any other criminal charges against the defendant

directly arising out of the defendant's involvement in the offense(s)

described above.  However, nothing in this Agreement will limit

prosecution for criminal tax charges, if any, arising out of those

offenses.


**B.  Fines and Assessments**

4.    <u>Fine</u>.  The defendant understands that the court may impose

a fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be considered a

breach of this Plea Agreement.  Further, the defendant acknowledges

that willful failure to pay the fine may subject the defendant to

additional criminal violations and civil penalties pursuant to Title 18,

United States Code, Section 3611, et seq.

5.    <u>Alternative Fine</u>.  The defendant understands that under the

alternative fine section of Title 18, United States Code, Section 3571,

3

the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.    <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United

4

States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.     If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

9.     Collection of Financial Obligations. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

5

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

10.    Determination of Sentencing Guidelines.    The defendant and counsel for both parties agree that the United States Sentencing

6

Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

11.    Acceptance of Responsibility– Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the

7

court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

12.   <u>Specific Sentencing Guidelines Recommendations</u>.   With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

a.   **Pursuant to U.S.S.G. Section 1B1.2(c), the defendant shall admit to the conduct alleged in Count One of the indictment and that the conduct resulted in the death of A.J.**

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The parties agree that the 276-month sentence of imprisonment as recommended by the parties is a reasonable sentence under the facts and circumstances of this case. The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

8

## D. Sentencing Recommendation

13.   <u>Joint Sentence Recommendation</u>.  At the time of sentencing, the parties agree to jointly recommend an imprisonment sentence of 276 months of incarceration subject to the stipulations agreed to in paragraphs 12 and 15 of this Agreement.

14.   <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the

9

Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

10

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.   <u>Rule 11(c)(1)(C) Binding Agreement</u>.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence:

a.   **The parties agree that the reasonable and appropriate imprisonment sentence in this matter is 276 months.**

b.   **The parties agree that the sentence imposed in the instant matter shall run concurrently to the sentence imposed on the defendant in case 8:14-CR-252 from the District of Maryland to commence as of the date of the sentencing in this MDPA case.**

d.   **The parties agree that the defendant is already subject to a lifetime term of supervised release under docket 8:14-CR-252 including the requirements of the Sex Offender Registration and Notification Act 42 U.S.C. § 16901, et. seq., and that no additional term of supervised release should be imposed.**

e.   **The parties agree that the defendant will be assessed a $100 special assessment under 18 U.S.C. § 3013.**

   f.  **The parties agree that the defendant is indigent and will not be subject to a $5,000 special assessment under 18 U.S.C. § 3014.**

The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case. If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the United States has the right to withdraw from this Agreement and any guilty plea entered pursuant to this Agreement.

**G.  Victims' Rights and Restitution**

18.  <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

   (a)  The right to be reasonably protected from the accused;

   (b)  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

12

(c)     The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)     The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless

13

such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

19.     <u>Restitution</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic

14

circumstances do not allow for the payment of full restitution in the
foreseeable future, in which case the defendant will be required to make
partial restitution payments.  The defendant understands and agrees
that the Government has the obligation and the right to pursue any
legal means, including but not limited to, submission of the debt to the
Treasury Offset Program, to collect the full amount of restitution owed
to the victim(s) in a timely fashion.  Although the defendant may
reserve the right to contest the amount of restitution owed, the
defendant agrees to take all steps to facilitate collection of all
restitution, including submitting to debtor's exams as directed by the
Government.  Towards this goal, the defendant agrees to waive any
further notice of forfeiture and agrees that the United States may, at its
sole election, elect to pursue civil and/or criminal forfeiture in the
amount of the victim restitution owed in this case, and the court may
enter both a restitution order and a forfeiture judgment in the amount
of any unpaid restitution found by the court to be due and owing at the
time of sentencing in this matter.  The defendant consents to the filing
of any civil complaint or superseding information which may be

15

necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

20.   Full Restitution. The defendant agrees to make full restitution in accordance with a schedule to be determined by the court.

16

The defendant also agrees that full restitution shall be a condition of any probation or term of supervised release that the defendant receives

21.   <u>Restitution for Identifiable Child Pornography Victims.</u>  The defendant agrees to pay restitution equal to the loss caused to any identifiable victim of the offense of conviction, including any relevant conduct, pursuant to any applicable statute, including 18 U.S.C. Section 2259. The defendant further agrees to pay restitution equal to the loss caused to any identifiable victim of his uncharged or dismissed conduct pursuant to 18 U.S.C. Sections 3663(a)(3) and 3663A. The defendant's uncharged or dismissed conduct for purposes of determining and ordering restitution includes the production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct, including the defendant's conduct in Count One of the Indictment filed at 4:18-CR-173 that will be dismissed at sentencing, and any uncharged production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

17

## H.  Information Provided to Court and Probation Office

22.    Background Information for Probation Office.  The
defendant also understands that the United States will provide to the
United States Probation Office all information in its possession which
the United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in this or
other offenses.

23.    Objections to Pre-Sentence Report.  The defendant
understands that pursuant to the United States District Court for the
Middle District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the Probation
Officer within fourteen (14) days after disclosure of the pre-sentence
report any objections they may have as to material information,
sentencing classifications, sentencing guideline ranges and policy
statements contained in or omitted from the report.  The defendant
agrees to meet with the United States at least five (5) days prior to

18

sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

24.   Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's

cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

25.    <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

**J.    Breach of Plea Agreement by Defendant**

26.    <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under

20

this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

27.    <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)    The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)    Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

21

(d)    The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

28.    <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate.

22

The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

**L.** **Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases**

29. **Sex Offender Registration (Megan's Law/Adam Walsh Act) Notice**. The defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and location of any school that defendant is attending. The defendant understands that such information must be updated not later than three business days after any change. A failure to comply

with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence of a guilty plea is that the court may determine, after the completion of a sentence, that the defendant is a sexually dangerous offender and may commit the defendant to a medical facility for treatment.

30.   <u>Civil Commitment as Sexually Dangerous Person</u>.  The defendant has been advised, and understands, that pursuant to Section 4248 of Title 18 of the United States Code, the defendant faces potential civil commitment as a sexually dangerous person following the expiration of the defendant's term of imprisonment.  The defendant understands that potential civil commitment would be the subject of a separate proceeding.  The defendant further understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if

24

the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

31.   <u>Transfer of Case for Child Custody Determinations</u>.  The defendant agrees to interpose no objection to the Government's transferring evidence or providing information concerning the defendant and/or this offense to other state or local authorities or agencies for purpose of child custody proceedings relating to the defendant.

**O.   Appeal Waiver**

32.   <u>Conditional Appeal Waiver.</u>  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court imposes a sentence of imprisonment as recommended by the parties, that is, a term of imprisonment of 276 months to run concurrently with the sentence he is presently serving in

the District of Maryland. In the event the Court imposes a sentence greater than a sentence resulting from the stipulated Sentencing Guidelines calculations, the defendant retains the right to appeal the conviction and sentence.

This conditional waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this conditional appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## P.  Other Provisions

33.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

34.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

35. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

36. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This

agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

37.   <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 16, 2021, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

38.   <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

28

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_4/7/21_
Date

_Ai Weitzman on behalf of M.P._
MARC PUNZALAN
DEFENDANT

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_4/7/21_
Date

ARI WEITZMAN, ESQ.
COUNSEL FOR DEFENDANT

BRUCE D. BRANDLER
ACTING U.S. ATTORNEY

_4/8/21_
Date

By: GEOFFREY W. MacARTHUR
ASSISTANT U.S. ATTORNEY